IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40009
Summary Calendar
_____

DAVID LYNN MILLER,

                    Plaintiff-Counter Defendant-Appellee,

and

LLOYD PEARSON,

                    Plaintiff-Appellee,

v.

RUTH AND SAM, INC.,

                    Defendant-Cross Defendant-Cross Claimant-
                    Appellee,

and

AMOCO OIL COMPANY,

                    Defendant-Counter Claimant-Cross Claimant-
                    Cross Defendant-Appellee,

v.

PRO-MAR INSURANCE UNDERWRITERS, INC.,

                    Intervenor-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-269
--------------------
September 21, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    This appeal arises out of the denial of Pro-Mar Insurance

Underwriters, Inc.'s (Pro-Mar) request for relief as an

intervenor in a suit between Pro-Mar's insured, Ruth and Sam,

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Inc. (R&S), Amoco, and certain personal injury plaintiffs. Pro-Mar had sought to recover by way of subrogation what it had paid to R&S and others for the loss of R&S's vessel, the F/V MISS RITA J. Pro-Mar contended that in light of a subrogation clause in the hull insurance policy issued to R&S, it had a contractual right to subrogation.

The district court denied Pro-Mar's contractual subrogation claim, finding that it failed to offer a certified copy of its policy reflecting its right of subrogation. Pro-Mar did not file or offer into evidence a certified or otherwise authenticated copy of what it contended was the applicable policy, i.e., one with a subrogation clause. Pro-Mar was also given the opportunity to call witnesses to testify that the applicable hull policy had a subrogation clause, but failed to do so. With only the certified copy of the policy provided by R&S, which did not include a subrogation clause, the district court correctly determined that the copy of the policy provided by R&S was a true and correct copy of the applicable policy and governed the resolution of the subrogation issue.

Although Pro-Mar subsequently filed a certified copy of the policy which contained the subrogation clause on which it based its right to subrogation, it was filed in conjunction with Pro-Mar's motion for reconsideration, which was not considered by the court because of Pro-Mar's failure to comply with the notice of deficient pleading. As the certified copy of the policy was not considered by the district court, this court likewise refuses to consider the policy on appeal. See Theriot v. Parish of

<u>Jefferson</u>, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("[a]n appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling"). Because the only certified policy before the district court did not contain a subrogation clause, the district court did not err in determining that Pro-Mar did not have a contractual right of subrogation. <u>Love v. Nat'l Med. Enters.</u>, 230 F.3d 765, 780 (5th Cir. 2000)(district court properly rejected claim of contractual subrogation where there was no evidence of any contract giving rise to such subrogation rights).

We also reject Pro-Mar's argument that the district court's denial of its request for subrogation immediately after granting its right to intervene violated its due process rights. R&S filed its unopposed motion for apportionment on August 15, 2000. Pro-Mar filed its motion for leave to file a complaint of intervention, complaint of intervention, and opposition to the motion for apportionment on August 22, 2000. Pro-Mar was given notice of the September 7, 2000, "motion hearing" on September 5, 2000. At the September 7 hearing, the district court withheld its ruling on the various motions and gave Pro-Mar another chance to present evidence in opposition to the motion for apportionment.

The motion for apportionment was specifically noticed to be heard on September 21, 2000. At that time, Pro-Mar was given the opportunity to provide a certified or otherwise authenticated copy of what it contended was the relevant policy and call

witnesses to testify that the applicable hull policy had a subrogation clause. Pro-Mar was also given the opportunity to show that R&S was not entitled to the entire settlement sum, in addition to the proceeds from the hull policy. Pro-Mar did neither. Pro-Mar never complained that it did not have adequate notice of the hearing. Nor did Pro-Mar ask for additional time to provide evidence.

Lastly, Pro-Mar avers that the district court erred in approving the settlement agreement between R&S and Amoco, which it contends awarded R&S an amount in excess of its interest and which was directly contrary to the supporting evidence. Pro-Mar avers that it is entitled to the full recovery of the $140,000 paid to R&S under the insurance policy.

R&S offered relevant portions of Alvin Edward Smith's deposition and the survey of the vessel to show that it was not fully compensated by Pro-Mar's payment of $140,000 and that it was only made whole by the additional payment of the $185,000 settlement agreed to by Amoco. Pro-Mar offered no evidence concerning R&S's actual losses, much less any contradictory evidence. Nor did it offer any evidence that R&S would recover more than it was entitled if the entire settlement sum was allocated to R&S despite being given the opportunity to do so. In light of the evidence before the district court, the court correctly concluded that R&S would not be made whole unless the entire settlement amount was allotted to it.

The district court did not err in determining that Pro-Mar did not have a right to contractual subrogation, that all of the

agreed settlement funds should be allocated to R&S, and dismissing the claims of R&S, Pro-Mar, and the hull underwriters against Amoco with prejudice.  The judgment of the district court is AFFIRMED.